UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLO FREE LLC, CURRENCE, INC., and DAVID MOZEIKA,<br><br>Plaintiffs,<br><br>-against-<br><br>THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA and PARK AVENUE SECURITIES, LLC,<br><br>Defendants. | No. 1:25-cv-07318-LGS<br><br>So Ordered.<br><br>Dated: November 5, 2025<br>New York, New York<br><br>*/s/ Lorna G. Schofield*<br>LORNA G. SCHOFIELD<br>UNITED STATES DISTRICT JUDGE |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

Plaintiffs Flo Free LLC ("Flo Free"), Currence, Inc. ("Currence"), and David Mozeika ("Mozeika") and Defendants The Guardian Life Insurance Company of America ("Guardian") and Park Avenue Securities, LLC ("PAS") (each individually, a "Party" and together, the "Parties"), anticipate that documents, testimony, or information containing or reflecting confidential, personal, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of discovery in this case and the Parties have jointly stipulated to the terms of this Protective Order ("Order" or "Protective Order").

I.  **PURPOSE AND LIMITATIONS**

Disclosure and discovery in this action are likely to require production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to

discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## II.     DEFINITIONS

1.     "Action": *Flo Free LLC et al v. The Guardian Life Insurance Company of America et al*, United States District Court for the Southern District of New York, Case No. 25-cv-07318 (S.D.N.Y.).

2.     "Challenging Party": a Party or Non-Party that challenges the designation of information or items under this Order.

3.     "CONFIDENTIAL": non-public information or tangible things that qualify for protection to be treated confidentially under applicable law. This includes but is not limited to non-public material, information, or items containing information the Producing Party has maintained in confidence and in good faith believes contain personal, financial, trade secret, or other confidential research, development, or commercial information entitled to protection under applicable law.

4.     "Counsel": Outside Counsel of Record and In-House Counsel (as well as their support staff).

5.     "Designating Party": a Party or Non-Party that designates Disclosure or Discovery Material exchanged in the Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

6.     "Disclosure or Discovery Material": all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in the Action.

7. "Expert": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been engaged by a Party or its counsel to serve as a testifying or consulting expert witness in the Action.

8. "Final Disposition": The later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

9. "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY": extremely sensitive CONFIDENTIAL information, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means. This includes non-public, highly sensitive non-public trade secrets or other current or prospective confidential research, development, commercial, or financial information, or other highly sensitive data or information. HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designations must be limited in scope. Notwithstanding the foregoing, under no circumstances can information that the Producing Party already produced to the Receiving Party outside the context of this litigation be designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by the Producing Party.

10. "In-House Counsel": attorneys who are members in good standing of at least one state bar, and who are employees of a Party. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

11. "Non-Party": any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

12. "Outside Counsel of Record": attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party (as well as their support staff).

13. "Party": any Plaintiff or Defendant in this Action.

14. "Producing Party": any Party or Non-Party that produces Disclosure or Discovery Material in this Action.

15. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium, and professional jury or trial consultants) and their employees and subcontractors, who have been engaged by a Party or its counsel to provide litigation support services with respect to this action.

16. "Protected Material": any Disclosure or Discovery Material that is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," consistent with the terms of this Stipulation and Order.

17. "Receiving Party": any Party that receives Disclosure or Discovery Material in this Action.

**III.    SCOPE**

18. The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

    **IV.**    **DURATION**

    19.    Even after Final Disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs.

    **V.**    **DESIGNATING PROTECTED MATERIAL**

    20.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Any Designating Party must take care to limit any designations under this Order to specific material that qualifies under the appropriate standards defined herein. Mass, indiscriminate, or routinized designations are prohibited.

    21.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

    a. for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material.

    b. for testimony given in deposition or in other pretrial proceedings, (i) that the Designating Party when practical identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted, or (ii) within 30 days of the close of the deposition that the Designating Party identify in writing, by reference to the pages and line numbers of the final deposition transcript, all protected testimony and specify the level of protection being asserted. All Parties and Non-Parties present at the deposition agree to treat deposition testimony as CONFIDENTIAL for the first 30 days until designations can be made under subparagraph (ii).

22. Prior to using Protected Material at a deposition, hearing or other proceeding (but not at trial), Parties using Protected Material must ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), or who the Party reasonably believes have already seen the Protected Material outside the context of the Action (i.e., an author or recipient of the information), are present during questioning, examination, or argument using that Protected Material. The use of a document as an exhibit at a deposition shall not in any way affect its otherwise proper designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

23. For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

24. <u>Inadvertent Failures to Designate</u>. If corrected within a reasonable time, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must use all reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

VI. **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

25. <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

26. <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) as soon as reasonably practicable after the challenge is made. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

27. If the Parties cannot resolve the challenge after (i) conferring directly or (ii) within 14 days of providing written notice under Paragraph 26, whichever is earlier, then the Challenging Party may file an appropriate letter and/or motion, in accordance with applicable local rules and the Court's Individual Practices, requesting that the Court determine whether the designation is appropriate under this Protective Order. If a letter and/or motion is filed, the material subject to the challenge shall continue to be treated consistent with its original designation until such time as the Court rules on the dispute.

## VII. ACCESS TO AND USE OF PROTECTED MATERIAL

28. <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party only for prosecuting, defending, or attempting to settle

this Action, and such Protected Material shall not be used for any business purpose, in connection with any other legal proceeding, or directly or indirectly for any other purpose whatsoever. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.[1] When the litigation has been terminated, a Receiving Party must comply with the provisions of Section XIII below. Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Except for transmission to qualified recipients and for uses permitted under this Stipulated Protective Order, Protected Material shall not be copied or otherwise reproduced by a Receiving party without the written permission of the Producing Party or by further order of the Court.

29.    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a. Any Party (or employee of a Party) to whom disclosure is reasonably necessary for this litigation;

b. the Receiving Party's Counsel;

---

[1] In the event a Non-Party witness is authorized to receive Protected Material that is to be used during his/her deposition but is represented by an attorney not authorized under this Order to receive such Protected Material, the attorney must provide prior to commencement of the deposition an executed "Acknowledgment and Agreement to Be Bound" in the form attached hereto as Exhibit A. In the event such attorney declines to sign the "Acknowledgment and Agreement to Be Bound" prior to the examination, the Parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting the attorney from disclosing Protected Material in order for the deposition to proceed.

    c. Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    d. the Court and its personnel;

    e. stenographic reporters, videographers and/or their staff, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

    f. during their depositions or other testimony, witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless the Designating Party objects to such disclosure or except as otherwise ordered by the Court; and

    g. an author or recipient of a document or other item containing the information or a custodian or other person who otherwise possessed or personally knew the information outside the context of this Action.

30. <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

    a. the Receiving Party's Counsel;

    b. Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who are not current or anticipated future employees of a competitor of the Designating Party, and (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    c.   the Court and its personnel;

    d.   stenographic reporters, videographers and their respective staff, professional jury or trial consultants, and Professional Vendors (who are not current or anticipated future employees of a competitor of a Designating Party) to whom disclosure is reasonably necessary for this litigation; and

    e.   the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or personally knows the information outside the context of this Action.

## VIII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

31. If a Party is served with a subpoena issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

    a.   notify the Designating Party in writing within seven (7) days of being served with the subpoena. Such notification shall include a copy of the subpoena or court order;

    b.   notify the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order in writing within seven (7) days of being served with the subpoena. Such notification shall include a copy of this Stipulated Protective Order; and

    c.   cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  d. The Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's written permission or is subject to a court order to do so. The Designating Party shall bear the burden and expense of seeking a protective order against disclosure of its Protected Material in the appropriate court, and nothing in this Order should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

### IX. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

32. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections from the Court.

### X. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

33. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A or destroy or dispose of the Protected Material.

34. If Protected Material is used inadvertently during depositions in contravention of other provisions of this Protective Order, the Protected Material will not lose its CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY status through such use.

## XI. PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

35. This Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Accordingly, the provisions in Rule 502(b) will apply to the disclosure of Discovery Material in this Action. Any Party or Non-Party that complies with this Order will be deemed to have taken reasonable steps to prevent and rectify disclosures of privileged or protected Discovery Material.

36. Each Party or Non-Party is entitled to decide the appropriate degree of care to exercise in reviewing materials for privileged information or material, taking into account the volume and sensitivity of the materials, the demands of the Action, and the resources that the Party or Non-Party can make available.

37. Except as otherwise provided herein, irrespective of the care that is actually exercised in reviewing materials for privileged information or material, pursuant to Rule 502(d) of the Federal Rules of Evidence, if, in connection with this Action, a Party or Non-Party (the "Disclosing Party") discloses privileged information or material, the disclosure of that privileged information or material, whether inadvertent or otherwise, shall not constitute or be deemed, either in this Action or any other action, investigation or proceeding, a waiver or forfeiture of any claim of any privilege or protection, including without limitation the attorney-client privilege, the work product doctrine or the deliberative process privilege, that the Disclosing Party would otherwise be entitled to assert with respect to the disclosed privileged information or material and its subject

matter. Any disclosure shall also not be deemed a waiver or forfeiture as to any other document or communication, whether concerning the same subject matter or a different subject matter. The Parties shall not argue, in this forum or any other, that any privilege or protection was waived as a result of disclosure in this Action, regardless of the procedures used to identify Privileged Material prior to production.

38. <u>Notice of Disclosed Privileged Material</u>. If a Disclosing Party determines that it has produced privileged information or material, the Disclosing Party shall, within twenty-one (21) calendar days of making such determination, provide written notice to all counsel of record and identifying the privileged information or material (by date of production and production number or range, if applicable) ("Disclosure Notice").

a. Any Party or Non-Party that receives a Disclosure Notice must: (a) immediately cease reviewing and using the disclosed privileged information or material; and (b) within fourteen (14) calendar days of receipt of the Disclosure Notice: (i) return, sequester, or destroy all copies of the disclosed privileged information or material; (ii) upon request of the Disclosing Party, provide to the Disclosing Party a certification of counsel that all of the disclosed privileged information or material has been returned, sequestered or destroyed; and (iii) notify any Party or Non-Party to whom the Receiving Party has provided the disclosed privileged information or material that he, she, or it must comply with the obligations set forth in this Section, including, upon request of the Disclosing Party, to provide to the Disclosing Party a certification of counsel that all of the disclosed privileged information or material has been returned, sequestered or destroyed.[2]

---

[2] Copies of disclosed privileged information or material that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored. If such data is restored, the Receiving Party must take steps to re-sequester the restored disclosed P privileged

      b.  If a Party identifies Discovery Material that appears on its face to be disclosed Privileged Material belonging to another Party or Non-Party, the identifying Party is under a good-faith obligation to notify that other Party or Non-Party. Such notification shall not waive the identifying Party's ability to subsequently contest any assertion of privilege or protection with respect to the identified Discovery Material. If the Party or Non-Party to which the disclosed privileged information or material belongs wishes to assert a claim of privilege or protection, that Party or Non-Party shall provide a Disclosure Notice within fourteen (14) calendar days of receiving such notification. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged information or material and to inform the Disclosing Party that such Privileged Material has been produced.

      39.      <u>Depositions</u>. If, during a deposition, a Party or Non-Party claims on the record that a document being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject of examination) contains its Privileged Material, that Party or Non-Party may at his, her or its sole election (a) state on the record that it will allow the document to be used during the deposition without waiver of his, her or its claim of privilege or protection; or (b) instruct the witness not to answer questions concerning the parts of the document containing privileged information or material pending a prompt resolution of any disagreement concerning whether the document constitutes or contains Privileged Material. If the Party or Non-Party allows the examination concerning the document to proceed on a non-waiver basis, the Parties and any Non-Parties shall sequester all copies of the privileged information or material. Until any such disputes

---

information or material.

are resolved, all Parties and Non-Parties who have access to the transcript of such deposition shall treat the relevant portion of the transcript as privileged.

### XII. MISCELLANEOUS

40.  Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by agreement with other Parties or by applying to the Court if such agreement cannot be reached. Furthermore, without application to the Court, any Party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other Party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.

41.  Termination of Matter and Retention of Jurisdiction. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the final termination of the above-captioned matter. The Court shall retain jurisdiction after final termination of this matter to hear and resolve any disputes arising out of this Protective Order.

42.  Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

43.  No Agreement Concerning Discoverability. The identification or agreed upon treatment of certain types of Disclosure and Discovery Material does not reflect agreement by the Parties that the disclosure of such categories of Disclosure and Discovery Material is required or appropriate in this Action. The Parties reserve the right to argue that any particular category of

Disclosure and Discovery Material should not be produced and is not admissible at trial or in any other proceeding.

44.     Filing Protected Material. Without written permission from the Designating Party or a Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. Protected Material may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

### XIII.    FINAL DISPOSITION

45.     Within 60 days after the Final Disposition of this action, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

### XIV.    JUDICIAL DISCRETION

46.     The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed, or designated as confidential.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: November 4, 2025

**SEIDEN LAW LLP**

By: /s/ *Michael Stolper*
Michael Stolper
Amiad Kushner
322 Eighth Avenue
Suite 1200
New York, NY 10001
Phone: (212) 337-3502
mstolper@seidenlaw.com
akushner@seidenlaw.com

*Attorneys for Plaintiffs*

**KING & SPALDING LLP**

By: /s/ *Damien Marshall*
Damien Marshall
Amy K. Nemetz
Rachel Craft
1290 Avenue of the Americas
14th Floor
New York, NY 10104
Phone: (212) 556-2100
Fax: (212) 556-2222
DMarshall@kslaw.com
ANemetz@kslaw.com
RCraft@kslaw.com

Christine M. Carletta
KING & SPALDING LLP
1700 Pennsylvania Ave., NW
Washington, DC 20006
Phone: (202) 737-0500
Fax: (202) 626-3737
CCarletta@kslaw.com

*Attorneys for Defendants*

## **EXHIBIT A - <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

I, _____, of _____,
declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of New York in the case of *Flo Free LLC, et al. v. The Guardian Life Insurance Company, et al.* (No. 25-cv-7318). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ of _____ as my agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: