King&
Spalding

King & Spalding LLP
1290 Avenue of the Americas
14th Floor
New York, New York 10104

T: (212) 556-2100
F: (212) 556-2222
kslaw.com

**Damien Marshall**
Partner

T: 212-790-5357
dmarshall@kslaw.com

Application **GRANTED in part**.  Plaintiffs shall  respond to Defendants' Interrogatory No. 1 by **January 13, 2026**.

The Clerk of Court is respectfully directed to close the letter motion at Dkt. No. 33.

Dated: January 6, 2026
    New York, New York

December 23, 2025

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Re:     *Flo Free LLC v. Guardian Life Ins. Co. of America*, 25 Civ. 7318 (S.D.N.Y.)

Dear Judge Schofield:

We write on behalf of Defendants The Guardian Life Insurance Company of America and Park Avenue Securities, LLC, pursuant to § III.C.3 of the Court's Individual Rules and Procedures for Civil Cases, to request a discovery conference concerning Plaintiffs' refusal to respond to Defendants' Interrogatory No. 1.[1]

Plaintiffs' lead claims allege misappropriation of trade secrets.  As Defendants have previously explained to the Court, they cannot defend themselves or conduct discovery efficiently without knowing what alleged "trade secrets" are at issue.  But Plaintiffs refuse to identify their purported trade secrets until *Defendants* substantially complete their own document production.  That is improper and will unnecessarily waste time and resources: the parties cannot exchange discovery relevant to purported trade secrets until they know what Plaintiffs' claimed trade secrets are.  There is no prejudice to Plaintiffs answering now because they can supplement their response under Rule 26(e), and Plaintiffs already purported to identify their claimed "trade secrets" for settlement purposes at this Court's direction.  *See* ECF No. 25.  Instead, Plaintiffs are committed to stonewalling to create unnecessary disputes, increase costs, and frustrate efforts to complete discovery by February 12, 2026 under the Court's Scheduling Order.

**Background**

Plaintiffs filed the Complaint on September 4, 2025.  ECF No. 6.  Despite alleging trade-secret claims, the Complaint does not provide sufficient detail concerning which aspects of Plaintiffs' business or software are at issue.  The Complaint alleges a long list of general categories that could be trade secrets, *see, e.g.*, Compl. ¶ 173, but then carves out everything in those

---

[1] Michael Stolper and Thomas Mott (for Plaintiffs) and Damien Marshall and Amy Nemetz (for Defendants) conferred by telephone on December 11, 2025 for approximately 45 minutes and were unable to reach resolution.  *See* Ex. 3, Dec. 20, 2025 Email from A. Nemetz.

December 23, 2025
Page 2 of 3

categories that Plaintiffs have already publicized, *id.* ¶ 174, leaving the contours of the purported trade secrets blurry at best. At the initial pretrial conference on November 4, 2025, to give Defendants sufficient information to evaluate Plaintiffs' claims and hold productive settlement discussions, the Court ordered Plaintiffs to specifically identify the purported trade secrets at issue. ECF No. 25. Plaintiffs served a letter to that effect on November 11, 2025, but, because the identification was made for settlement purposes only, Defendants cannot use it for purposes of discovery.

### Plaintiffs Refuse to Answer Defendants' Interrogatory No. 1

On November 5, 2025, Defendants propounded Interrogatory No. 1, seeking discovery of the particular trade secrets Plaintiffs listed in ¶ 173 of the Complaint:

> Identify each and every version or iteration of software, technology, source code, object code, software or code architecture, formulas, algorithms, data structures, database technologies, business plans, strategies, methodologies, procedures, tools, processes, models, prototypes, demonstratives, trainings, "pitch" methods, "user journeys," content and communication reviews, product roadmaps or specifications, and any other confidential technological or business documentation that You claim is a trade secret that Defendants misappropriated in this Action.

Plaintiffs' response was due by December 5.

On December 2, Plaintiffs asked Defendants for an extension until December 8; Defendants agreed. Plaintiffs missed the extended deadline. To date, Plaintiffs have offered no explanation. On December 10, 2025, Defendants took the position that Plaintiffs' indefensible delay waived all objections to Defendants' discovery requests. *See* Ex. 1, Dec. 10, 2025, Ltr. from D. Marshall.

On December 9, 2025, Plaintiffs served one general objection to Defendants' Interrogatory No. 1, asserting it is barred by Local Rule 33.3. *See* Ex. 2, Pls.' Resp. & Obj. to Defs.' First Set of Interrogatories at 1-2. During the parties' meet and confer, Plaintiffs' counsel refused to commit to a date for substantively responding and took the position that Plaintiffs would not answer Interrogatory No. 1 until reviewing *Defendants*' document production. Ex. 3, Dec. 20, 2025 Email from A. Nemetz at 1. Plaintiffs refused to reconsider after Defendants pointed out that there was no prejudice to answering now because the response could be supplemented, and there was no burden because Plaintiffs already answered this question for settlement purposes.

### Argument

The Court should compel Plaintiffs to respond to Interrogatory No. 1 promptly so the parties can appropriately assess whether Plaintiffs' alleged trade secrets even potentially qualify as such as a matter of law and appropriately tailor discovery to what Plaintiffs claim was secret, derived value from secrecy, was shared with Defendants, and was allegedly misappropriated.

*First*, Plaintiffs' sole objection to Interrogatory No. 1 was waived because it was untimely. Fed. R. Civ. P. 33(b)(4). True, Plaintiffs only missed their extended deadline by one day, but Plaintiffs had already received one extension, did not ask for another, and offered no explanation

December 23, 2025
Page 3 of 3

whatsoever that might constitute "good cause." *See, e.g.*, *Barbera v. Grailed, LLC*, 2024 WL 4836616, at *1 (S.D.N.Y. Nov. 20, 2024) ("Given the absence of a[ ] valid explanation for plaintiff's failure to serve its objections in a timely manner, a finding of waiver is appropriate." (cleaned up)). Already, this is not the first time Plaintiffs have missed a discovery deadline without excuse. *See* Ex. 1 (noting Plaintiffs' failure to timely serve initial disclosures).

       *Second*, Plaintiffs' objection under Local Rule 33.3(a) is baseless. Courts in this district recognize that the rule permits interrogatories to obtain early identification of trade secrets, including so the defendant can later discover "'the full basis for the belief' that the identified information constitutes a trade secret" through other devices. *Ferguson v. Ferrante*, 2014 WL 1327968, at *2 (S.D.N.Y. Apr. 3, 2014). Courts also require "trade secrets plaintiffs to identify alleged trade secrets with 'reasonable particularity,'" sufficient "to allow defendant to discern the relevancy of any discovery requests." *Rocket Pharms., Inc. v. Lexeo Therapeutics, Inc.*, 764 F. Supp. 3d 115, 118 (S.D.N.Y. 2025). Here, Plaintiffs' requests seek, for example, "All Communications Concerning" and "All Documents reflecting" Plaintiffs' "Technology" and "Proprietary Information," as well as "[d]ocuments reflecting" and "[a]ll communications concerning" the development of Defendants' own in-house technology. But those documents are irrelevant unless they pertain to aspects of Plaintiffs' technology that are at issue.

       Plaintiffs' preference to *not* define the scope of their own claims until document discovery is near-complete is backwards. While Rule 33.3(a) generally limits interrogatories that must be answered "at the outset of discovery," Plaintiffs have both refused to amend their complaint and have refused to answer Interrogatory No. 1 until *the end* of discovery, *i.e.*, after they have reviewed Defendants' document production (which—if Plaintiffs get their way—will be incredibly burdensome and wasteful).

       *Third*, Plaintiffs ignore that Rule 33.3(b)(1) permits interrogatories that "are a more practical method of obtaining the information sought than a request for production or a deposition." During the parties' meet and confer, Plaintiffs' counsel did not deny that answering Interrogatory No. 1 was more efficient than a deposition. Answering the interrogatory is also "more practical" than proceeding with Plaintiffs' fishing-expedition-style document discovery without clear identification of the trade secrets at issue, so Plaintiffs can come up with a *post hoc* theory to fit whatever they find.

       Defendants thank the Court for its attention to this matter.

       Sincerely,

       */s/ Damien Marshall*
       Damien Marshall

cc: All counsel of record via ECF