
King & Spalding

King & Spalding LLP
1290 Avenue of the Americas
14th Floor
New York, New York 10104

T: (212) 556-2100
F: (212) 556-2222
kslaw.com

Plaintiffs shall file their response by **January 15, 2026**.

Dated: January 12, 2026
    New York, New York

**Damien Marshall**
Partner

T: 212-790-5357
dmarshall@kslaw.com

January 9, 2026

LORNA G. SCHOFIELD
**UNITED STATES DISTRICT JUDGE**

**Re:** *Flo Free LLC v. Guardian Life Ins. Co. of America*, **25-cv-7318 (S.D.N.Y.)**

Dear Judge Schofield:

We write on behalf of Defendants The Guardian Life Insurance Company of America and Park Avenue Securities, LLC, to request a pre-motion discovery conference concerning Plaintiffs' refusal to produce documents in response to twenty of Defendants' Requests for Production ("RFPs"). After three meet-and-confers, the parties are at impasse.

### I.    Plaintiffs' Untimely, Boilerplate Objections Are Waived.

*First*, as described in Defendants' previous letter to the Court, Plaintiffs waived objections to Defendants' RFPs by failing to timely assert them. ECF Nos. 33, 33-1. Plaintiffs' responses were due December 5. Plaintiffs requested a courtesy extension until December 8 (knowing it was the date of the parties' mediation), and Defendants agreed. Plaintiffs missed that deadline without any explanation for their unexcused delay. *See* Ex. 1 (Defendants' RFPs); Ex. 2 (Plaintiffs' R&Os); ECF 33-1. Plaintiffs' belated excuse that they could both respond to RFPs and appear for mediation (*see* ECF No. 35) does not constitute "good cause." *Barbera v. Grailed, LLC*, 2024 WL 4836616, at *1.

*Second*, Plaintiffs' boilerplate responses violate Rule 34's "requirement to state objections with specificity." *Fischer v. Forrest*, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017). Plaintiffs object to nearly every RFP as "overbroad," "not proportional," "irrelevant," and/or "vague and ambiguous," but they have provided no detail substantiating these objections. *See* Ex. 2; Ex. 3 at 1-3, 10-12 (Dec. 19-26, 2025 Emails); Ex. 4 at 4-7 (Dec. 29, 2025 Mott Ltr.). Absent any explanation, these "general and conclusory objections are insufficient" and should be overruled. *In re Terrorist Attacks on Sept. 11, 2001*, 2023 WL 4447869, at *2 (S.D.N.Y. July 11, 2023), *objections overruled*, 2023 WL 5432199 (S.D.N.Y. Aug. 23, 2023).

January 9, 2026
Page 2 of 3

## II.    Plaintiffs Refuse to Search for Plainly Relevant Documents.

### a.    Basis for Plaintiffs' Trade Secrets Claims (RFPs 2-5, 7, 16, 23)

Defendants are entitled to discovery on what Plaintiffs claim constitutes a trade secret, the evidentiary basis for that claim, and the extent to which Plaintiffs' allegations concede that their technology was not, in fact, anything new. Defendants framed their RFPs coextensively with Plaintiffs' allegations. *E.g.,* Ex. 1 at RFPs 5, 23. Plaintiffs' objections that these RFPs are "vague, ambiguous," "overbroad," "disproportionate," and "concern[] numerous disparate categories of topics" that "fail[] to describe with reasonable particularity" what they seek, is entirely the result of Plaintiffs' own vague pleading. Ex. 2 at 8-9 (R&Os to RFP 5); *In re Terrorist Attacks*, 2023 WL 4447869 at *6 ("[T]he line between discovery" that is permissible "and the proverbial fishing expedition is determined in large measure by the allegations of the pleading.") (quotations omitted). Plaintiffs cannot seriously maintain this position after this Court ordered them to identify all trade secrets underlying their claims in response to Defendants' Interrogatory. ECF No. 36. And Plaintiffs cannot substantiate their boilerplate "burden" objections without running Defendants' proposed search terms and providing hit reports. *E.g.*, *Cranmore v. Parts Auth., LLC*, 2025 WL 622607, at *1 (S.D.N.Y. Feb. 26, 2025) ("Boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy, while producing no documents… are a paradigm of discovery abuse.") (quotations omitted).

Plaintiffs' proposal—producing only documents they *already* provided to Defendants—is tantamount to producing nothing at all. *See* Ex. 4 at 5-7. Plaintiffs' position is also irreconcilable with their own discovery requests, which seek even broader discovery from **26 custodians**[1] **over a 10-year time frame** about *all* of Plaintiffs' supposed "proprietary information" and "technology" and Defendants' technology. Ex. 5 at 10-14 (Plaintiffs' RFPs); Ex. 6 at 1 (Dec. 26, 2025 Search Proposal).  Plaintiffs should conduct a reasonable search for this obviously relevant discovery.

### b.    Basic Information About Plaintiff Companies (RFPs 10-14, 21, 26)

Plaintiffs refuse to search for or produce any documents concerning basic information about their businesses. Defendants requested documents sufficient to identify Plaintiffs' investors, stakeholders, and their respective interests, Plaintiffs' interests in other entities, and show the formation of Flo Free LLC and Currence Inc. and Plaintiffs' relationships to each other. This discovery is relevant to Plaintiffs' ownership of purported trade secrets, each entity's standing to assert claims, valuations and financials of Plaintiffs' business and alleged damages, whether Plaintiffs complied with the terms of their agreements with Defendants which permitted them to develop Flo in the first place, and to vetting foundational information that Plaintiffs chose to include in their Complaint (*e.g.*, ¶¶ 12, 60-61, 209, 217). *See Rahman v. Smith & Wollensky Restaurant Grp., Inc.*, 2007 WL 1521117, at *6 (S.D.N.Y. May 24, 2007). Plaintiffs' attempt to avoid discovery of these basic facts on relevance grounds is meritless, particularly given their allegations that damages continue to accrue. Compl. ¶¶ 185, 192, 210, 218; *see In re Terrorist*

---

[1] Plaintiffs' discovery abuse is only escalating. Last night, Plaintiffs subpoenaed **sixteen** Guardian-affiliated individuals, including multiple custodians that Defendants included in their search proposal. No authority supports Plaintiffs' harassment of individuals whose files are in Defendants' possession, especially not when ***Plaintiffs have not produced a single document.***

January 9, 2026
Page 3 of 3

*Attacks*, 2023 WL 4447869 at *6 ("[C]ourts refer[] to the complaint to determine what discovery [is] relevant.").

     **c. Mozeika's Departure and Breach of Agreements with Guardian (RFPs 31-33, 37-39)**

In Count VI, Mozeika seeks unvested future commissions, which he forfeited by terminating his relationship with Defendants, claiming that Defendants "created a hostile work environment." Compl. ¶ 166. If this claim survives dismissal, discovery should show Mozeika planned to join MassMutual—a competitor that Defendants believe has already compensated Mozeika for the same renewal commissions he is seeking—before the alleged "constructive termination" occurred. Plaintiffs are refusing to produce Mozeika's communications about MassMutual compensation, communications with Guardian clients and other Guardian representatives about MassMutual, and documents showing whether he pitched Flo/Currence to MassMutual, evidently because they would rather hide the legally questionable pay package that used "forgivable loans" to incentivize Mozeika to transition Guardian clients' policies to MassMutual. Plaintiffs are also interfering with Defendants' subpoena to MassMutual for its own relevant documents. *See* Ex. 7 at 8 (Dec. 19, 2025-Jan. 6, 2026 Emails). Plaintiffs' position is based on a disagreement with the legal merit of Defendants' forthcoming counterclaims for (at a minimum) Mozeika's breach of non-solicitation obligations. *Id.* at 10-11. This is not a proper basis to withhold discovery necessary to show which story is true.

     **d. Plaintiffs' Non-Privileged Communications About Their Claims (RFP 30)**

Plaintiffs' refusal to search for documents responsive to RFP 30, which requests non-privileged communications concerning Plaintiffs' claims in this action, is baseless. "Any statements made by Plaintiff[s]' "regarding the subject matter of the" Complaint are "relevant to this litigation as potential admissions." *Taylor v. Frazier*, 2025 WL 3770161 (D. Conn. Dec. 31, 2025). Plaintiffs object that this Request is "not particularized" without citing any authority for such an objection, likely because none exists. And Plaintiffs' privilege defense is off-base because Defendants seek only "non-privileged materials."

               \*      \*      \*

Defendants respectfully ask the Court to compel Plaintiffs to produce documents responsive to their Requests. We thank the Court for its attention to this matter.

Sincerely,

*/s/ Damien Marshall*

Damien Marshall

cc: All counsel of record via ECF